**HOME HAVEN, INC., Raymond Beaty, Robert Hemenway, Haven Homes Limited Partnership, Plaintiffs–Appellants**

v.

**UNITED STATES of America, Defendant–Appellee**

**No. 99–17322.**

United States Court of Appeals, Ninth Circuit.

May 31, 2001.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before: BEEZER, O'SCANNLAIN, and FLETCHER, Circuit Judges.

### MEMORANDUM [*]

Home Haven, Inc. brought this wrongful levy action arguing that it was entitled to be equitably subrogated to the rights of the former senior lienholder in the property. The district court disagreed and granted summary judgment to the government holding that equitable subrogation does not apply where the party has actual notice of a preexisting subordinate encumbrance. This appeal followed. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

Equitable subrogation is a state-law doctrine and therefore whether it applies here turns on Nevada law. As we have noted, "[t]here is limited Nevada authority on the doctrine of equitable subrogation." *Mort v. United States* 86 F.3d 890, 893 (9th Cir.1996). "Where Nevada law is lacking, its courts have looked to the law of other jurisdictions, particularly California, for guidance." *Id.* In keeping with this tradition, we too have looked to the law of other jurisdictions, particularly California, to supplement Nevada's equitable subrogation jurisprudence. *See id.* at 893–94.

In *Han v. United States* 944 F.2d 526 (9th Cir.1991), we noted that under California law "equitable subrogation is denied to a party who has 'actual' knowledge of an existing encumbrance." *Id.* at 530 (*citing Smith v. State Savings & Loan Association,* 175 Cal.App.3d 1092, 1098, 223 Cal.Rptr. 298 (1985)). Because it is undisputed that Home Haven had *actual* notice of the federal tax lien, Home Haven is, therefore, barred from use of the doctrine of equitable subrogation. Accordingly, the district court is

AFFIRMED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.